FI. FA. after sci. fa. d. s. b., returned "levied as per inquisition annexed, and not sufficient." April term, 1849, rule on plaintiff to show cause why the fieri facias and return should not be set aside.
Judgment was confessed March 1, 1816, against George M. Harrington, at the suit of Ezekiel Hunn, for $262 45, with interest; the defendant being then seized of the lands now levied on. G.M. Harrington conveyed the land on the 30th of August, 1817, to *Page 237 
Daniel Green. A writ of fi. fa. was issued on the said judgment, on the 2d of March, 1820, and returned "levied, inquiry held and sufficient." On the 1st of September, 1820, a writ of elegit was issued, which was returned "proceedings stayed by order of plaintiff." Ezekiel Hunn died in 1821, and Ezekiel Cowgill became his executor. On the second of August, 1822, an alias elegit was issued and "stayed by order of the plaintiff, after notice given to be executed." Pluries writ of elegit was issued to October term, 1832, and returned "land delivered to plaintiff on the 13th of September, 1832, at $32 21 per annum, as per inquisition annexed," in due form. On the 31st of August, 1835, Daniel Green conveyed the land by deed to Nathan Hinesly, sen. On the 6th of January, 1841, a scire facias was issued on the said judgment, by the executor of Hunn vs. George M. Harrington, which was duly returned "made known," and judgment was rendered thereon for want of an appearance, for $244 43. On the 20th of April, 1848, an alias sci. fa. was issuedagainst the same defendant, which was duly returned "made known to George M. Harrington," and judgment was again rendered thereon, for want of an appearance. On the 30th of May, 1848, a writ of fieri facias was issued out of this court, to execute a judgment at the suit of Daniel Green's administrator vs. Nathan Hinesly, under which this land was seized, and afterwards sold on a venditioni exponas in due form, to Nathan Hinsly, to whom the plaintiff conveyed by deed.
Mr. Smithers for Hunn's executor, showed cause against the rule.
Mr. Smithers. — The issuing of the sci. fa. and judgment thereon, after the elegit, admitted there was something due. Where a judgment is renewed by sci. fa. against the original defendant, who is alive it is not necessary to make the terre-tenants parties. (11Johns., 513; 2 Harr, 366.) To a sci. fa. on a judgment, nothing can be pleaded which might have been pleaded to the original judgment. (Paine Duer., 424; 2 Johns., 77; 4 Harr, 519; 2 Tidd, 1047; 2 Saund., 62,b.)
In 1841 a sci. fa. issued on this judgment, against the original defendant, who is still alive. If his terre-tenants wished to contest any matter, they ought to have come in and applied to be made parties; but after a judgment by default against the original defendant, and after so great a lapse of time, they cannot have relief, and this rule must fail. *Page 238 
 Mr. D. M. Bates, for Mr. Hinesly, the purchaser. — Mr. Hinesly has paid full value for the land. The administrator of Ezekiel Hunn had taken the land under the elegit. What was the effect of the elegit in 1831, and the delivery of the land to the plaintiff? The execution of the elegit and delivery of the land to the plaintiff, operates as a satisfaction of the judgment, and the land is discharged from its lien. If lands be extended on an elegit, it is a satisfaction of the debt. (2Tidd, 1037; 2 Bac. Tit. Execution, Letter D.) No execution after an elegit, unless nihil has been returned. (Com. Digest, Execution, H.) If lands are taken by elegit, plaintiff is barred from taking any other execution. (Impey's Prac., 183; 1 Selw, 536; 2 Lord Raymond, 1458,Lancaster vs. Fielder.) The taking of land in execution on elegit is payment in fact; does not raise a presumption of payment, but is an actual extinguishment of the debt. (Law Library, 176, margin; Bingham onExecution.) From the 13th of September, 1832, the time of executing the inquiry on the elegit, until the 6th of January, 1841, no proceedings were taken on the said judgment. At the latter date a fi. fa. was issued. If, therefore, the execution of the elegit discharged the land from the lien of the judgment, how can the lien be again revived? How can the land be charged anew with the same lien, without notice to an innocent purchaser? (3 Rawle, 273; 1 Serg. Rawle, 540.)
The Court made the rule absolute.